.YELVERTON, Judge.
The defendants-relators, Lafayette Association for Retarded Citizens, Inc., (LARC) and Irving and Bonnie Manuel, sought supervisory writs from a judgment granting a preliminary injunction. We granted the writ in order that the positions of the parties could be more closely considered, and we ordered up the transcript of the proceedings and a stay of all proceedings pending further action by this court. The matter is now ready for decision.
*324 FACTS
LARC is a non-profit corporation which exists to provide for the care and supervision of retarded citizens. On January 18, 1984, the Manuels leased to LARC a residence located on lot 13 of the Westgate Subdivision in the Town of Scott. LARC intended to establish in the residence a community home for retarded individuals pursuant to LSA-R.S. 28:475-478.
The respondents, C.J. Clark and Lois Clark, are the owners of another lot in the Westgate Subdivision. They petitioned the court seeking a preliminary injunction to stop LARC from operating the home. Their petition alleged two reasons why the activity should be prohibited. First, it was alleged to be in violation of the building restrictions affecting the property within the subdivision. Second, it was alleged that LARC had failed to obtain the required approval of the site as a community home. The parties stipulated to the fact that LARC failed to seek approval of the community home from the local governing authority of the Town of Scott, the Town Council.
The building restrictions relied on by the residents read as follows:
“1. All of the lots located in Westgate Subdivision which are numbered, those being Lots 1 through 53, shall be used exclusively for residential purposes.
“2. No structures shall be erected, altered, placed or permitted to remain on any residential building lot, other than one detached, single family dwelling not exceeding two and one-half stories in height, and a private garage and other out buildings incidental to residential use of the plot.”
The defendants answered the suit and also filed reconventional demands against the plaintiffs for damages.
A summary hearing was held on March 20, 1984, as to the injunctive relief only. The court granted the preliminary injunction finding that LARC’s activities violated the building restrictions. In its reasons for judgment the trial court did not consider the effect of the failure to obtain the required approval of the site as a community home.
THE ISSUE
The issue presented to this court is whether the trial court properly granted the preliminary injunction. We find that the injunction was proper but for reasons different from those given by the trial court.
It is clear that building restrictions may be enforced by mandatory and prohibitory injunctions. La.Civil Code art. 779.
In the present case the house in West-gate Subdivision is to be used strictly as a residence for six or fewer mentally handicapped individuals with two staff members working in the house on a rotating shift basis. LARC’s activities within the home is to provide services for the residents in teaching them daily living skills. The mentally handicapped residents will not be members of the same family.
Such activities do not violate a building restriction which limits the use of the residence for “residential purposes only”, since the home is being used strictly as a residence for the mentally handicapped as contrasted from the situation where a business is actually being run from the structure. See Harbour v. Normal Life of Louisiana, 454 So.2d 1208 (La.App. 3rd Cir.1984).
However, we do find that such activities are in violation of the building restriction which limits the dwellings to “single family dwellings.” Relators argue that Tucker v. Special Children’s Foundation, Inc., 449 So.2d 45 (La.App. 1st Cir.1984), writ denied 450 So.2d 959 (La.1984) is dispositive of this issue. We disagree.
Tucker, supra, involved a community home that had been established pursuant to LSA-R.S. 28:380-444. The court found that such a community home was not in violation of a building restriction almost *325 identical to the restriction in the present case. The court reasoned that since the state’s Mental Retardation Law considered “community homes” that provide for six or fewer mentally retarded individuals as single-family units having common interests, goals and problems, this was a valid exercise of the state’s police power and thus superceded the building restriction. With this reasoning we agree.
However, before we can hold that the activity in the present case is not governed by the subdivision restriction, via the state police power, we must determine that it qualifies as a “community home” as defined by the statute. In this connection, we must consider the failure of LARC to notify the Town Council of Scott of its intention to file its application to the Department of Health & Human Resources to open a community home, and the consequent fact that LARC’s site has not been approved by the local governing authority in the Town of Scott pursuant to LSA-R.S. 28:478(C). That statute provides as follows:
C. The local sponsor shall notify the local governing authority of his intent to file an application to the department to open a community home. In any area over which a local planning commission has jurisdiction the site selection shall first be submitted to the local planning commission, which shall recommend approval or disapproval of the site to the local governing authority. The local governing authority shall then affirm or reverse the decision of the planning commission by a majority vote of its entire membership, within forty-five days of the date of the original notification to the local planning -commission. In any area in which there is no local planning commission, the local governing authority shall approve or disapprove the site within forty-five days from the date of the original notification to the local governing authority. Whenever the local governing authority has disapproved the site, the local sponsor and the department may develop an alternate site selection for the community home which is acceptable to the local sponsor, the local governing authority, and the department. (emphasis added)
It is the intent of this statute that sponsors, such as LARC, first notify and seek approval of a proposed site for a community home from the local governing authority of the area in which the home is to be located. This provision is a mandatory requirement in the establishment of a community home pursuant to LSA-R.S. 28:475-478. Since LARC has failed to follow the statutory prerequisites in the establishment of a community home, the home in Westgate Subdivision cannot be considered a community home under LSA-R.S. 28:381(8) or 477(1), and therefore there is no basis for saying that the exercise of the state police power supercedes the building restriction in question.
We therefore find that the activities of LARC in providing for the residence of individuals not members of a single-family unit violates the building restriction, and that the trial court properly issued a preliminary injunction prohibiting such activity.
For these reasons we now recall the writ granted herein and the case is remanded to the trial court for further proceedings.
WRIT RECALLED; CASE REMANDED.
FORET, J., concurs in the result.